# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **HIKIAU, INC.**, a Utah corporation; **GERALD PETERSON**, an individual; and **MAX PETERSON**, an individual, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:07-cr-00792-DAK-PMW <br><br> **District Judge Dale A. Kimball** <br><br> **Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Hikiau, Inc. ("Hikiau"); Gerald Peterson; and Max Peterson's (collectively, "Defendants") motion to compel.[2]

The parties appeared before the court for oral argument on the motion on March 11, 2008.[3]  Assistant United States Attorney Michael P. Kennedy appeared on behalf of the United States of America (the "government").  Max D. Wheeler appeared on behalf of Hikiau and Gerald Peterson.  Rodney G. Snow appeared on behalf of Max Peterson.  At the conclusion of that hearing, the court took the motion under advisement.  After carefully considering the

---

[1] See docket no. 24.

[2] See docket no. 18.

[3] See docket no. 35.

arguments presented at the hearing, as well as the parties' written submissions, the court is now prepared to rule on Defendants' motion.

In their motion, Defendants seek to compel the government to produce the grand jury testimony in this case, as well as responsive documents to several discovery requests. The court will address those two issues in turn.

## I. Grand Jury Testimony

On November 27, 2007, Defendants appeared before this court for their initial appearance and arraignment.[4] At that hearing, Defendants' counsel inquired about whether the government intended to provide Defendants with the grand jury testimony in this case. In response, the government's counsel indicated that transcripts of the grand jury testimony likely would not be provided to Defendants immediately because such production was not required by rule 16 of the Federal Rules of Criminal Procedure or the *Jencks* Act, *see* 18 U.S.C. § 3500. That notwithstanding, the court suggested to the government's counsel that he ought to consider providing the grand jury testimony to Defendants pursuant to its open-file policy on discovery.[5] On several occasions subsequent to that hearing, Defendants requested the grand jury testimony from the government. The government's counsel responded to those requests by indicating that the grand jury testimony would not immediately be provided but instead would be provided shortly in advance of trial, consistent with the government's customary practice relating to statements covered by the *Jencks* Act.

---

[4] *See* docket no. 13.

[5] *See* docket no. 10.

Pursuant to the relevant rules and the *Jencks* Act, the court agrees with the general proposition that the government is under no obligation to immediately provide the grand jury testimony to Defendants. *See id.*; Fed. R. Crim. P. 6(e), 16(a)(3). Indeed, the *Jencks* Act provides that there is no obligation to provide such testimony until after the relevant witnesses have testified on direct examination at trial. *See* 18 U.S.C. § 3500(a).

At the same time, however, the plain language of the government's open-file discovery policy filed in this case[6] indicates that any statements covered by the *Jencks* Act, which would include grand jury testimony, will be provided by the government "at a reasonable time before trial."[7] In the court's view, that statement is, in essence, a waiver by the government of its right to withhold any statements covered by the *Jencks* Act until after the relevant witness testifies on direct examination. By filing its discovery policy with the court only two weeks after filing the indictment in this case, the government made clear at the outset of this case its position with respect to any *Jencks* Act statements, namely, that it would not withhold such statements until after direct examination of the relevant witnesses but instead would provide such statements to Defendants in advance of trial.

Based on the plain language of the government's discovery policy, the court concludes that the government has taken inconsistent positions by relying, at least in part, upon the *Jencks* Act to support its refusal to immediately provide the grand jury testimony to Defendants, while at the same time asserting in its discovery policy that it will provide such testimony before it is

---

[6] *See id.*

[7] *Id.*

required to do so by the *Jencks* Act. While this conclusion does not compel the government to immediately provide the grand jury testimony to Defendants, it does raise the issue of determining what constitutes "a reasonable time before trial." In its discovery policy, the government failed to reserve the right to make the unilateral determination of what constitutes "a reasonable time before trial." Accordingly, the court concludes that a fair reading of the policy leaves that determination to the court.

During his argument at the motion hearing, the government's counsel indicated that he believed providing the grand jury testimony to Defendants thirty (30) days prior to trial constituted "a reasonable time before trial." The court disagrees. In order to account for the potential complexity of this case and to provide Defendants with adequate time to prepare their defense, the court concludes that sixty (60) days constitutes "a reasonable time before trial." Accordingly, the government is directed to provide Defendants with transcripts of the grand jury testimony in this case no later than sixty (60) days before the commencement of trial. Such early disclosure will not hurt the government, and may well aid Defendants in making determinations necessary for pursuing trial or settlement.

## II. Defendants' Discovery Requests

In a letter dated December 17, 2007, Defendants requested the following seven categories of items or documents from the government:

1. Notes of witness interviews;
2. Audio of March 20, 2006 hearing before the Utah Department of Transportation;
3. Daily reports of all inspectors who inspected the projects at issue in the indictment;

> 4. All punch lists relating to any work performed by Hikiau;
> 5. All documents relating to any inspection of any work performed by Hikiau;
> 6. All documents relating to any investigation of any work performed by Hikiau; and
> 7. All documents relating to the performance of any work done by Hikiau.[8]

The government responded to those requests in a letter dated January 10, 2008.[9] In that letter, the government indicated that a response to item number 2 had been omitted inadvertently from the discovery already provided to Defendants and, accordingly, would be provided to Defendants. As to item number 1, the government indicated that any responsive documents were not within the scope of rule 16 and, as a result, would not be provided to Defendants. Concerning item numbers 3 through 7, the government indicated that with the exception of any documents already provided to Defendants, documents responsive to those items were neither in its possession nor within the scope of rule 16 and, consequently, would not be provided to Defendants.

Because it appears that the request contained in item number 2 has been satisfied, the court will address only item number 1 (the "Witness Interview Notes") and any documents not already produced in response to item numbers 3 through 7 (the "Work-Related Documents").

### A. Witness Interview Notes

In relevant part, rule 16(a)(2) provides that "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney

---

[8] Docket no. 19, Exhibit A.

[9] *See* docket no. 19, Exhibit B.

for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). While interview notes could easily fall within the category of documents described in rule 16(a)(2), interview notes could also be considered statements subject to the *Jencks* Act "if they are substantially verbatim" accounts of the statements made in the interview. *United States v. Smith*, 984 F.2d 1084, 1086 (10th Cir. 1993); *see also United States v. Jordan*, 316 F.3d 1215, 1255 (11th Cir. 2003) ("Government agents' reports of witness interviews and summaries of those interviews are not *Jencks* Act statements unless they are (1) substantially verbatim, contemporaneously recorded transcripts, or (2) signed or otherwise adopted by the witness.").

    In its memorandum in opposition to Defendants' motion to compel, the government asserts that the Witness Interview Notes fall within the category of documents described in rule 16(a)(2). While Defendants have disputed that generally, they have not provided a specific, compelling argument to demonstrate that the Witness Interview Notes fall outside the scope of rule 16(a)(2). Further, Defendants have not argued or presented any evidence to indicate that the Witness Interview Notes should be considered *Jencks* Act statements.

    Based upon the information and arguments presented by the parties' respective counsel, the court is left to conclude that the government is under no obligation to produce the Witness Interview Notes.

### B.  Work-Related Documents

Rule 16(a)(1)(E)(i) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense . . . .

Fed. R. Crim. P. 16(a)(1)(E)(i).

Defendants argue that the Work-Related Documents are discoverable pursuant to rule 16(a)(1)(E)(i).  In response, the government argues that the Work-Related Documents are not discoverable under that provision because they are neither "material to preparing the defense" nor "within the government's possession, custody, or control."  *Id*.  Accordingly, the court will address the issues of (1) materiality and (2) possession, custody, or control.

### 1.  Materiality

Defendants argue that the Work-Related Documents are material to preparing their defense.  In its memorandum in opposition to Defendants' motion to compel, the government argues that Defendants have failed to make any effort to demonstrate materiality of the Work-Related Documents.  The government also argues that even if Defendants had made such an effort, it would have been fruitless because "a review of the list of requested discovery discloses nothing that on its face would meet the test of materiality by an indication that pretrial disclosure would significantly alter the quantum of proof in [D]efendants' favor."[10]

---

[10]  Docket no. 30.

After considering the parties' written submissions but prior to hearing oral argument on the motion at the hearing, the court indicated its belief that the Work-Related Documents were very likely material to preparing the defense. The court also indicated its belief that even a cursory review of the indictment and the general description of the Work-Related Documents established prima facie materiality. Despite those preemptive indications by the court, the government argued that the Work-Related Documents were not material to preparing the defense. While the government's counsel eventually conceded that the standard for establishing materiality under rule 16(a)(1)(E)(i) is not a heavy burden, he did not concede the materiality of the Work-Related Documents.

Consistent with its statements at the hearing, the court disagrees with the government's position relative to materiality and has concluded that its arguments are without merit. Given the charges contained in the indictment, even a general description of the Work-Related Documents demonstrates that they are, by definition, material to preparing the defense in this case.

## 2. Possession, Custody, or Control

Defendants argue that the Work-Related Documents are in the government's possession, custody, or control. Defendants also assert that even if the government's counsel does not possess the documents personally, "surely the investigators have them,"[11] which renders them within the government's possession, custody, or control. At the hearing, Defendants' counsel further argued that even if the Work-Related Documents are not in the government's possession,

---

[11] Docket no. 19.

custody, or control, the government's counsel could easily acquire the documents by simply making a telephone call to the relevant agency. Defendants' counsel also asserted that if the Work-Related Documents are indeed material to preparing the defense and Defendants have requested them from the government, the government has a duty to obtain and provide those documents regardless of whether they are actually in its possession, custody, or control.

In response, the government asserts that it does not have possession, custody, or control of the Work-Related Documents. At the hearing, the government's counsel asserted that he had neither seen any of the Work-Related Documents nor relied upon them in drafting the indictment in this case. Also at the hearing, and in support of that assertion, the government offered to provide the testimony of one of its agents. While the court determined that a formal evidentiary hearing was unnecessary, it did hear a proffer from the agent, who indicated that he also had not seen any of the Work-Related Documents. The agent further indicated that while he had requested some documents that might fit under the category of the Work-Related Documents, he had not yet received those documents.

Given the good faith representations of the government's counsel and its agent during the hearing, the court has determined that the Work-Related Documents are not within the government's or its investigative agencies' possession, custody, or control. Because the government has indicated that it has produced some documents that fall under the category of the Work-Related Documents, however, the court will require the government to make the following efforts to ensure that all such documents have been produced to Defendants. First, to extent that it has not already done so, the government shall produce to Defendants any of the Work-Related

Documents in its possession, custody, or control.  Second, the government shall certify to the court and Defendants by way of an affidavit or affidavits that it has produced to Defendants any of the Work-Related Documents in its possession, custody, or control; and neither it nor any of its agencies has possession, custody, or control of any other Work-Related Documents.

The court also notes its disagreement with Defendants' argument that the government is under a duty to obtain and produce the Work-Related Documents simply because Defendants have requested them and established that they are material to preparing the defense in this case.  That argument is contrary to the plain language of rule 16(a)(1)(E)(i), which provides that the government must produce the Work-Related Documents only if they are within its "possession, custody, or control."  *Id*.  The court also disagrees with Defendants' assumption that the government could obtain Work-Related Documents simply by making a telephone call to the relevant agency.  The court concludes that such an assumption is oversimplified and impractical, particularly in light of the likely administrative and bureaucratic hurdles that would accompany a request for documents from the relevant agency.

Even putting aside the court's specific disagreements with those arguments, the court is chiefly unpersuaded by their common theme of insisting that the government obtain and produce the Work-Related Documents.  Even if the court were to agree with Defendants and order the government to obtain and produce the Work-Related Documents, the court is not convinced that such an order would be effective or satisfactory to Defendants, particularly given the circumstances of this case.  Even after that production was made, it is doubtful that Defendants would be satisfied they had obtained all of the Work-Related Documents or that the Work-

Related Documents would be produced by the relevant agency in a prompt manner.  Further, enforcing the government's informal request to the relevant agency for the Work-Related Documents, if necessary, would be problematic for the court.  In sum, the court believes that ordering the government to obtain and produce the Work-Related Documents could possibly serve to further complicate and frustrate the discovery process in this case, creating further delay, motions, etc.

In the court's view, Defendants' most effective avenue for obtaining the Work-Related Documents is by way of an appropriate subpoena, which the court will readily issue and, if necessary, enforce.  The court recognizes and is sympathetic to Defendants' counsel's assertion at the hearing that proceeding by way of a subpoena carries potential additional costs to Defendants.  At the same time, however, the court believes that a subpoena provides the most effective method of ensuring that Defendants will obtain all potential Work-Related Documents.  In addition, a subpoena will provide the court with enforcement authority should the relevant agency or agencies fail to make adequate or timely production of the Work-Related Documents.

Notwithstanding the fact that the court has ruled in favor of the government with respect to the Work-Related Documents, the court makes a final observational point.  The court cannot understand the government's overall position with respect to the Work-Related Documents.  As indicated above and during the hearing, the court has little doubt that the Work-Related Documents are material to preparing the defense in this case.  As such, it logically follows that they may likewise be material to the prosecution's case.  Accordingly, it would appear to be in the government's best interest to obtain those documents for its own use, even if it would then be

required to provide them to Defendants.  At the hearing, the court was surprised when the government's counsel repeatedly insisted that he had neither seen nor relied upon the Work-Related Documents in drafting the indictment.  Further, he appeared to show little interest in obtaining them.  While that position may have served the government for purposes of Defendants' motion to compel by demonstrating that the Work-Related Documents were not in the government's possession, custody, or control, it also demonstrated to the court that the government was willing to take a head-in-the-sand approach with respect to the Work-Related Documents.  By taking such an approach, the government is opening the door to the possibility that Defendants will secure the Work-Related Documents by way of a subpoena but may not be obligated to provide them to the government.  If the Work-Related Documents prove to contain material and exculpatory evidence, that would place the government in a rather unenviable position both in plea negotiations and at trial.  In sum, the court finds it peculiar that the government's counsel fails to acknowledge the potential value to the government's interests inherent in taking a cooperative (win-win) approach with respect to the Work-Related Documents.

    Based upon the foregoing, the court concludes that while the Work-Related Documents are "material to preparing the defense" in this case, the government is under no obligation to provide them to Defendants because they are not "within the government's possession, custody, or control." *Id*.

In summary, Defendants' motion to compel[12] is **GRANTED IN PART** and **DENIED IN PART**, as follows.

**IT IS HEREBY ORDERED:**

1. The government shall to provide Defendants with transcripts of the grand jury testimony in this case no later than sixty (60) days before the commencement of trial.

2. The government is under no obligation to produce the Witness Interview Notes or the Work-Related Documents.

3. To extent that the government has not already done so, it shall produce to Defendants any of the Work-Related Documents in its possession, custody, or control.  In addition, the government shall certify to the court and Defendants by way of an affidavit or affidavits that it has produced to Defendants any of the Work-Related Documents in its possession, custody, or control; and neither it nor any of its agencies has possession, custody, or control of any other Work-Related Documents.

**IT IS SO ORDERED**.

DATED this 21st day of March, 2008.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[12] *See* docket no. 18.