IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>vs.<br><br>HIKIAU, INC., a Utah corporation, GERALD PETERSON, and MAX PETERSON,<br><br>                      Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:07CR792 DAK |

      This matter is before the court on Gerald Peterson's Motion to Sever and Continue Trial Indefinitely, Defendants' Motion to Exclude the Government's Experts, and Defendants' Motion to Strike Government's Opposition Memorandum.  A hearing on the motions was held on September 2, 2008.  At the hearing, Michael P. Kennedy represented the United States, Max D. Wheeler represented Mr. Gerald Peterson and Hikiau, Inc., and Rodney G. Snow represented Max Peterson.

      Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to these motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

      At the hearing, the court declined to sever Mr. Gerald Peterson at this time, but the trial date was continued until December 8, 2008 and was set for eight days.  The court noted that it

would reconsider severing Mr. Gerald Peterson from this trial if he was not able to proceed at that time.

Next, the court declines to strike the Government's opposition brief.  While it was filed a few days late, and the United States ideally would have sought an extension of time, there were justifiable reasons for the delay, and it has caused no prejudice to Defendants.

Finally, having considered the briefs and arguments of counsel regarding the Government's experts, the court declines to strike the experts.  The court finds that the testimony of Mr. Bloschock, Mr. Schulte, and Mr. Leonard, who have extensive relevant experience in areas pertinent to this case, will assist the jury in understanding the facts at issue and that their purported testimony meets the admissibility threshold for expert testimony under FRE 702 and *Kumho Tire Co., Ltd., v. Carmichael*, 526 U.S. 137 (1999).  The Government recognizes–as it must– that these experts may not testify as to the ultimate issues in the case.

Defendants also argue that the Government's summary of witness testimony is not sufficient.  The court finds that the summary is sufficient at this point.  The court notes, however, that it does not appear that the curriculum vitae of Mr. Leonard or Mr. Schulte have been provided to Defendants.  The Government is directed to provide these items by no later than September 19, 2008.

Defendants also point out that the Government was ordered to provide Defendants with a chart delineating which contract specifications the Defendants allegedly failed to comply with relative to each count.  The Government was to do so by August 11, 2008, but, according to Defendants, the Government had not done so as of the date of their motion.  The Government is

directed to provide this chart by September 17, 2008 if it has not already done so. If, after the Government provides the chart, Defendants have remaining questions about the nature of the experts' testimony, they may file a motion with the court.

In addition, there was a discussion about whether these experts could testify as to certain vehicle accidents that might relate to the highway safety systems at issue in this case. If the Government intends to introduce such testimony, the court directs the Government to file a motion in limine on this issue by no later than November 17, 2008. Defendants are directed to respond to the motion by no later than November 25, 2008. After having been fully informed of the testimony, its relevance, and its potential prejudicial effect, the court will rule on the issue.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Exclude Government's Expert Testimony [docket #76] is DENIED; Defendants' Motion to Strike As Untimely the Government's Memorandum in Opposition [docket # 84] is DENIED; Defendant Gerald Peterson's Motions to Sever [docket #88] and to Continue Trial Indefinitely [docket #92] are DENIED without prejudice to renew at a later date.

DATED this 12th day of September, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge